IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01482-RTG

AMY ADAMSON, also known as ANTHONY ADONIS ADAMSON,

      Plaintiff,

v.

COLORADO DEPT. OF CORRECTIONS (CDOC),
ANDRE (MOSES) STANCIL, Executive Director of CDOC,
THOMAS WERLICH, former warden of LVCF,
SAM SPANGLER, assistant warden of LVCF,
MAJOR TAMARA GOLD, LVCF Housing/Security,
WAYNE SALBATO, LVCF shift commander,
SARAH CORDOVA, LVCF Housing captain,
CAPTAIN MIRAMONTEZ, LVCF PREA coordinator,
LT. FELICITY ZIGGARELLI, LVCF Housing supervisor,
LT. JASON SANTISTEVAN, LVCF Housing supervisor,
LT. MURPHY, former LVCF intelligence supervisor,
LT. ORTIZ, LVCF Shift commander,
LT. TRINA DOWD, LVCF canine supervisor,
LT. COEN, LVCF health supervisor,
LT. RACINE, LVCF case manager,
C/O FLOYD, LVCF housing officer,
C/O EDUMENIA ALFARO, LVCF housing officer,
SARAH BERGER, LVCF HSA,
TAMEIKA PILLSBURY, LVCF medical provider,
MYA TAYLOR, LVCF medial nurse,
ANDREW SANVILLE, Grievance Coordinator, and
JOHN BRADBURN, Office of the Inspector General Investigator,

      Defendants.

---

## ORDER TO FILE AMENDED PRISONER COMPLAINT

---

This matter is before the Court on the Prisoner Complaint (ECF No. 1) filed *pro se* by Plaintiff on April 6, 2026.

1

## I.    BACKGROUND

Plaintiff is in custody of the Colorado Department of Corrections ("CDOC") currently incarcerated at the Denver Women's Correctional Facility ("DWCF"). He initiated this action *pro se* on April 6, 2026, by filing a Prisoner Complaint (ECF No. 1) and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3). Plaintiff has been granted leave to proceed under to § 1915 (ECF No. 4).

The Prisoner Complaint is screened under 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e(c) because Plaintiff is a prisoner who seeks redress from officers or employees of a governmental entity. The Court also must construe Plaintiff's pleading liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons explained below, the Court directs Plaintiff to file an amended Prisoner Complaint.

## II.    PRISONER COMPLAINT

Plaintiff brings this action under 42 U.S.C. § 1983 against CDOC, Executive Director Stancil, and twenty officials and staff members at La Vista Correctional Facility ("LVCF"). (ECF No. 1 at 1-7). Defendant Stancil is sued in his official capacity only, while the other Defendants are sued in both their individual and official capacities. (*Id.*). Plaintiff asserts the following claims for relief: (1) "Violation of 8th U.S. Const. Amendment's prohibition against the infliction of 'Cruel and Unusual Punishment'"; and (2) "Violation of the 14th U.S. Constitutional Amendment's Guarantee of 'Due Process and Equal Protection of the Laws.'" (*Id.* at 9-23).

In support, Plaintiff alleges he is a transgender male and while he was incarcerated at LVCF, staff ignored and retaliated against his repeated safety reports and grievances from 2023–2025, culminating in a July 2024 sexual assault by Defendant Floyd after Defendant Cordova dismissed his complaints and assigned Defendant Floyd to his unit. (ECF No. 1 at 10-11). According to Plaintiff, after the alleged sexual assault, there was ongoing deliberate indifference despite daily PREA hotline calls and family emails, with grievances lost or unread, until he was placed in protective custody, transferred back to DWCF, and another investigation of Defendant Floyd was opened in December 2025. (*Id.* at 11-12, 23). Plaintiff further claims staff repeatedly harassed him based on gender identity, including public announcements by Defendant Alfaro outing him as transgender that incited inmate bullying and threatening conduct, discriminatory remarks and threats from supervisors, and denial or removal from programs, jobs, and cell assignments in retaliation for filing grievances. (*Id.* at 12-14, 17, 22). Plaintiff also alleges deliberate indifference to medical needs, including missed or painful HRT injections, denial and falsification of post-surgery medications, delayed infection care, and some providers' religiously based refusals or hostility. (*Id.* at 18-19). Plaintiff requests damages and injunctive relief. (*Id.* at 25-29).

The Court will now turn to the pleading issues in the Prisoner Complaint.

III.   **ANALYSIS**

A.     **Rule 8**

Complaints must contain a short and plain statement of the facts explaining why a claim succeeds. Fed. R. Civ. P. 8(a)(2). A lengthy narrative and recitation of legal standards are not necessary. To comply with Rule 8, a complaint "must contain (1) a

3

short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." *Id.* The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Vague or unintelligible pleadings violate Rule 8.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to establish whether the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

The Prisoner Complaint does not fully comply with Rule 8 because it is prolix, includes argumentative law, and mixes facts and legal conclusions. Further, the Prisoner Complaint doesn't clearly identify each discrete claim for relief.

If Plaintiff wishes to pursue any claims in this action, he must file an amended Prisoner Complaint that states specific facts to support clearly identified claims for relief. To comply with federal pleading standards, Plaintiff must "explain what each defendant did to him; when the defendant did it; how the defendant's action harmed him; and, what specific legal right the plaintiff believes the defendant violated." *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

**B.     Personal Participation**

In addition, allegations of "personal participation in the specific constitutional violation complained of [are] essential" to imposing liability under § 1983. *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011). In a lawsuit involving multiple defendants, it is "particularly important" that the plaintiff makes clear "exactly who is alleged to have done what to whom*, . . .* as distinguished from collective allegations." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (internal citations and quotation marks omitted). Moreover, a supervisory official may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Instead,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

Here, Plaintiff does not include sufficient non-conclusory, factual allegations linking discrete acts or decisions personally taken by certain defendants. Additionally, many allegations of wrongdoing are grouped ("all said staff"), rather than clearly

identifying which individuals engaged in which actions. This type of group pleading makes it impossible to determine alleged acts attributable to each defendant.

Thus, if Plaintiff wishes to pursue any claims in this action, he must file an amended Prisoner Complaint that alleges specific facts to show each named defendant's personal involvement in the alleged deprivations of his constitutional rights.

## C.    Legal Standards

The allegations necessary to establish a § 1983 claim vary with the claim's constitutional underpinning. *Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010) ("Our first task in any § 1983 suit alleging a constitutional violation is to isolate the precise constitutional violation with which the defendant is charged.") (cleaned up). It appears that Plaintiff attempts to assert the following claims—Eighth Amendment sexual abuse/failure to protect, Eighth deliberate indifference to medical needs, First Amendment retaliation, and Fourteenth Amendment equal protection/discrimination.

### 1.    *Eighth Amendment—Sexual Abuse/Failure to Protect.*

To state an arguable Eighth Amendment claim, Plaintiff must allege facts that demonstrate deliberate indifference to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). Under the Eighth Amendment, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer*, 511 U.S. at 832 (quotation omitted).

An Eighth Amendment claim must satisfy two requirements. "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at 834

6

(quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, "a prison official must have a 'sufficiently culpable state of mind.'" *Id*. This second requirement is subjective, rather than objective: "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

"Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). However, mere negligence does not violate the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Berry v. City of Muskogee*, 900 F.2d 1489, 1495 (10th Cir. 1990) (holding that deliberate indifference requires a higher degree of fault than negligence or even gross negligence). To adequately allege failure to protect, a prisoner must show "that he is incarcerated under conditions posing a substantial risk of serious harm," and that prison officials acted with "deliberate indifference to inmate health or safety . . . ." *Farmer*, 511 U.S. at 834. "Deliberate indifference" means that the prison official knew of and disregarded an excessive risk to prisoner health or safety. *Id.* at 837.

    2.  *Eighth Amendment—Medical Indifference.*

To state an Eighth Amendment violation based on inadequate medical care, Plaintiff must allege facts that demonstrate deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). "A claim of deliberate indifference includes both an objective and a subjective component." *Al-Turki v.*

*Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014). "A medical need is considered sufficiently serious to satisfy the objective prong if the condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. at 1192-93 (internal quotation marks omitted). Under the subjective prong, "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. A "[d]elay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000). The substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain. *See Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001).

Medical malpractice is not a constitutional violation merely because the alleged victim is a prisoner. *See Estelle*, 429 U.S. at 106. Further, mere disagreement with prison officials regarding medical care does not satisfy the subjective prong of an Eighth Amendment claim. *See Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006) (concluding that prisoners do not have an Eighth Amendment right to a particular course of treatment).

*3. First Amendment—Retaliation.*

To show an entitlement to relief under a theory of unconstitutional retaliation, Plaintiff must allege specific facts to meet the following elements: (1) he was engaged in constitutionally protected activity, (2) defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity,

and (3) defendant's adverse action was substantially motivated as a response to Plaintiff's constitutionally protected activity. *See Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). Mere allegations of constitutional retaliation that do not include specific facts showing retaliation because of the exercise of the prisoner's constitutional rights do not state a cognizable claim. *See Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010).

        4.   *Fourteenth Amendment—Equal Protection.*

"The equal protection clause provides that '[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws,'" *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 659 (10th Cir. 2006) (quoting U.S. Const. amend. XIV, § 1), "which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To show an entitlement to relief under the Equal Protection Clause, Plaintiff must first make a "threshold showing" that he was treated differently from others with whom he was similarly situated. *Brown v. Montoya*, 662 F.3d 1152, 1172-73 (10th Cir. 2011) (internal quotation marks and citation omitted); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (stating that even in a "class of one" equal protection claim, plaintiff must show that he "has been intentionally treated differently from others similarly situated"). A prisoner asserting an equal protection claim must allege specific facts to show that "there are no relevant differences between [him] and other inmates that reasonably might account for their different treatment." *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994).

IV.    **CONCLUSION**

Accordingly, it is

ORDERED that Plaintiff file, within **thirty (30) days** from the date of this order, an amended Prisoner Complaint that complies with all directives contained in this order. To be clear, Plaintiff must submit a single, fully completed Prisoner Complaint on the court-approved form as one document that contains all claims and allegations. Plaintiff is advised that the Court is not required to sort through multiple pleadings to ascertain his claims or compile the required information from multiple documents. It is

FURTHER ORDERED that Plaintiff shall obtain and utilize the court-approved Prisoner Complaint form (with the assistance of a case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the action may be dismissed in whole or in part without further notice.

DATED April 13, 2026.

BY THE COURT:

_____
Richard T. Gurley
United States Magistrate Judge